■ . TERRY CONTRACTING, INC., et al., Respondents-Appellants, v. TUFANO CONTRACTING CORPORATION, Appellant-Respondent.— Order entered December 20, 1966, directing a hearing before a Referee on the issue of service of process and holding motion and cross motion in abeyance, unanimously reversed, on the law and the facts, without costs or disbursements, and motion and cross motion denied. In this contract action defendant pleaded lack of jurisdiction due to failure of service of process. Defendant then moved for a preliminary trial by jury of the issue of service and plaintiffs cross-moved to strike the defense. Special Term held both motions in abeyance pending a hearing and report by a Special Referee. The grounds of the cross motion are that defendant waived any right it may have had to contest the service by moving, as it did, to make the complaint more definite and certain. While this would have constituted an acknowledgment of jurisdiction under former practice, it does not today (CPLR 320, subd. (b): *Balassa* v. *Benteler-Werke A.G.*, 23 A D 2d 664). Defendant may have raised the question by way of motion (CPLR 3211) or, as it did, by answer. Having elected to make the question an issue in the case, it should be disposed of on the trial. While this is not to say that a defendant who pleads failure of service may not in any case be entitled to a preliminary trial of this issue, here, where no facts are set forth to show in what respect the service is claimed to be defective, a preliminary trial could well be nothing more than an imposition·on the time of the court. Furthermore, it would be within the discretion of the trial court how and in what order to dispose of the defense when it appears for trial. Under the circumstances, defendant's claim that it is entitled to a trial by jury of this issue cannot be decided. Concur — Botein, P. J., Eager, Steuer, Tilzer and Rabin, JJ.

■ HARVEY FISK, JR., et al., Respondents, v. SHATTUCK DENN MINING CORPORATION et al., Appellants.— Order entered September 19, 1967, unanimously reversed, on the law, and complaint dismissed, with $30 costs and disbursements to defendants, with leave to plaintiffs to apply to Special Term for leave to serve an amended complaint within 20 days after service upon them of a copy of the order entered herein, with notice of entry. While the particular motions made attacking the complaint may not have been those best adapted to cope with the deficiencies in the pleading, those deficiencies are so glaring that allowing the complaint to stand would only result in further motion practice or, failing that, cause endless confusion on the trial. The ends of justice would best be served by requiring plaintiffs to plead over in accord with the procedure indicated (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827). Concur — Eager, J. P., Steuer, Tilzer, Rabin and McNally, JJ.